## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| LONGHORN HD LLC., | § § § | Case No. |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| QNAP SYSTEMS, INC., | § § | |
| Defendant. | § § § | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Longhorn HD LLC. ("LHD" or "Plaintiff") for its Complaint against Defendant QNAP Systems, Inc. ("QNAP" or "Defendant") alleges as follows:

### THE PARTIES

1.      LHD is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, Texas 75670.

2.      Upon information and belief, QNAP is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 2f-5f, No.22, Zhongxing Road, New Taipei City, 22161, Taiwan, and may be served pursuant to the provisions of the Hague Convention.  QNAP is a manufacturer and seller of external storage devices and consumer electronics internationally and in the United States.  Upon information and belief, QNAP does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries.

## JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

4.      This Court has specific and personal jurisdiction over the Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute.  Upon information and belief, Defendant has sufficient minimum contacts with the forum because Defendant transacts substantial business in the State of Texas and in this Judicial District.  Further, Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below.

5.      Venue is proper in this Judicial District as to Defendant pursuant to 28 U.S.C. § 1391 because, among other things, QNAP is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).  Defendant, through its own acts makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District, such that this venue is a fair and reasonable one.  Further, upon information and belief, the Defendant has admitted or not contested proper venue in this Judicial District in other patent infringement actions.

## PATENTS-IN-SUIT

6.      On May 13, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,725,924 (the "'924 Patent") entitled "Information Backup System with

Storing Mechanism and Method of Operation Thereof."  A true and correct copy of the '924 Patent

is available at http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8725924.

7.    On August 30, 2005, the United States Patent and Trademark Office duly and

legally issued U.S. Patent No. 6,938,104 (the "'104 Patent") entitled "Removable Hard Drive

Assembly, Computer with a Removable Hard Disk Drive, Method of Initializing and Operating a

Removable Hard Drive."   A true and correct copy of the '104 Patent is available at:

http://pdfpiw.uspto.gov/.piw?Docid=06938104.

8.    LHD is the sole and exclusive owner of all right, title, and interest in the'924 Patent

and the '104 Patent (collectively, the "Patents-in-Suit") and holds the exclusive right to take all

actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent

infringement lawsuit.  LHD also has the right to recover all damages for past, present, and future

infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

9.    The '924 Patent generally relates to technology regarding information backup

systems, particularly to a system with storage.  The technology described in the '924 Patent was

developed by Simon B. Johnson and Lev M. Bolotin of ClevX, LLC.  By way of example, this

technology is implemented today in information backup systems which include a power supply

and communication ports connecting a host microcontroller.

10.    The '104 Patent generally relates to hot-swappable ATA hard disk drives.  The

technology described in the '104 Patent was developed by Itzik Levy at Arco Computer Products,

Inc.  For example, the technology is implemented by infringing servers that utilize hot-swappable

hard disk drives and solid-state drives.  Upon information and belief, QNAP makes, uses, sells,

and/or imports infringing external storage devices, such as QNAP TL-D800C-US 8-Bay Desktop Usb-C 3.1 Gen2 10Gbps JBOD Expansion Unit.

11.     QNAP has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products that use information backup systems which include a power supply and communication ports connecting a host microcontroller, as well as servers that utilize hot-swappable hard disk drives and solid-state drives.  Such products include at least the QNAP TL-D800C-US.

## COUNT I
### (Infringement of the '924 Patent)

12.     Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

13.     LHD has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '924 Patent.

14.     Defendant has and continues to directly infringe the '924 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '924 Patent.  Such products include at least the QNAP TL-D800C-US.

15.     For example, Defendant has and continues to directly infringe at least claim 1 of the '924 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include information backup systems.  The infringing systems include a power supply and communication ports connecting a host microcontroller, for example, QNAP external storage devices, such as the QNAP TL-D800C-US.

16.     The accused products perform a method of an information backup system comprising supplying a power to a first communication port (*i.e.* the usb connector in an external storage device, such as the QNAP TL-D800C-US) and a second communication port (*i.e.* the storage of an external storage, such as the QNAP TL-D800C-US) with an internal power supply (*i.e.* the battery of an external storage unit, such as the QNAP TL-D800C-US).

17.     Additionally, the accused products perform a method of electrically connecting a host microcontroller to the first communication port for connecting an external storage unit and electrically connecting the host microcontroller to the second communication port for connecting a mass storage device, the host microcontroller is for functioning as a host to the second communication port and the first communication port; and transferring data between the first communication port and the second communication port:

18.     Defendant has and continues to indirectly infringe one or more claims of the '924 Patent by knowingly and intentionally inducing others, including QNAP customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the QNAP information external storage devices.

19.     Defendant, with knowledge that these products, or the use thereof, infringe the '924 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '924 Patent by providing these products to end-users for use in an infringing manner.

20.     Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high

probability that others, including end-users, infringe the '924 Patent, but while remaining willfully blind to the infringement.

21.     LHD has suffered damages as a result of Defendant's direct and indirect infringement of the '924 Patent in an amount to be proved at trial.

22.     LHD has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '924 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '104 Patent)

23.     Paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

24.     LHD has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '104 Patent.

25.     Defendant has and continues to directly infringe the '104 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '104 Patent.  On information and belief, at least the QNAP TL-D800C-US infringes on the '104 Patent.

26.     Defendant has and continues to indirectly infringe one or more claims of the '104 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as external hard drives.

27.     For example, Defendant has and continues to directly infringe at least Claim 13 of the '104 Patent by making, using, offering to sell, selling, and/or importing into the United States

products that perform the step of operating a drive assembly storage devices.  The infringing storage devices, such as the QNAP TL-D800C-US, are computer devices that include computer systems formed with at least one standard drive bay and including a power supply and a drive controller conforming to the ATA standard, such as, for example, a serial ATA ("SATA") controller.

28.     The infringing storage devices also provide a method of operating a hard drive assembly wherein the drive assembly is mounted to a host computer and fixedly connected to a power supply and to a drive controller of the host computer, and a removable cartridge having a hard drive device selectively insertable in and connectable to the drive assembly. Further, upon information and belief, the infringing storage devices also provide a method whereby the hard drive device, which stores thereon an ID buffer with a data item identifying the hard drive as a non-removable, fixed drive device, modifies the ID buffer stored on the hard drive device to form a modified ID buffer identifying the hard drive device as a removable drive device.  Moreover, upon information and belief, the infringing storage devices perform a method of presenting the modified ID buffer to the host computer.  For example, QNAP's QTS operating system includes the ability to "hot swap" drives.[1]

29.     Defendant, with knowledge that these products, or the use thereof, infringe the '104 Patent at least as the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '104 Patent by providing these products to end-users for use in an infringing manner.

---

[1] https://www.qnap.com/en-in/how-to/tutorial/article/hot-swapping-the-hard-drives-when-the-raid-crashes

30.     Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '104 Patent, but while remaining willfully blind to the infringement.

31.     LHD has suffered damages as a result of Defendant's direct and indirect infringement of the '104 Patent in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LHD prays for relief against Defendant as follows:

a.      Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

c.      An order awarding damages sufficient to compensate LHD for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding LHD its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

e.      Such other and further relief as the Court deems just and proper.

Dated:  March 7, 2022                          Respectfully submitted,

                                               /s/ *Vincent J. Rubino, III*
                                               Alfred R. Fabricant
                                               NY Bar No. 2219392
                                               Email: ffabricant@fabricantllp.com
                                               Peter Lambrianakos
                                               NY Bar No. 2894392
                                               Email: plambrianakos@fabricantllp.com
                                               Vincent J. Rubino, III
                                               NY Bar No. 4557435
                                               Email: vrubino@fabricantllp.com
                                               **FABRICANT LLP**
                                               411 Theodore Fremd Avenue, Suite 206 South
                                               Rye, New York  10580
                                               Telephone: (212) 257-5797
                                               Facsimile: (212) 257-5796

                                               John Andrew Rubino
                                               NY Bar No. 5020797
                                               Email: jarubino@rubinoip.com
                                               830 Morris Turnpike
                                               **RUBINO IP**
                                               Short Hills, New Jersey 07078
                                               Telephone: (973) 535-0920
                                               Facsimile (973) 535-0921

                                               Justin Kurt Truelove
                                               Texas Bar No. 24013653
                                               Email: kurt@truelovelawfirm.com
                                               **TRUELOVE LAW FIRM, PLLC**
                                               100 West Houston Street
                                               Marshall, Texas 75670
                                               Telephone: (903) 938-8321
                                               Facsimile: (903) 215-8510

                                               ***ATTORNEYS FOR PLAINTIFF
                                               LONGHORN HD LLC.***